IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


RICHARDS A . MAYERS        )
                           )
      v.                   )        NO. 3:16-0071
                           )
JOEY BOYD, et al.          )


TO:  Honorable Waverly D. Crenshaw, Jr., District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 5, 2016 (Docket Entry No. 37), this action was referred to the

Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the

Federal Rules of Civil Procedure, and the Local Rules of Court.  For the reasons set out below, the

Court recommends that the action be transferred to the Western District of Tennessee.

Richard A. Mayers ("Plaintiff") is an inmate of the Tennessee Department of Correction

("TDOC") confined at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee.

On January 21, 2016, he filed this *pro se* lawsuit.  He subsequently filed an amended complaint,

seeking relief under the civil rights statutes and naming 31 defendants based on far ranging

allegations of wrongdoing against him.  *See* Docket Entry No. 29.  Pursuant to an initial screening

of the action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that only Plaintiff's

allegations involving the denial of medical treatment and restrictions on telephone calls, events

alleged to have occurred at the WTSP, stated colorable claims under 42 U.S.C. § 1983.  *See* Order

entered May 5, 2016 (Docket Entry No. 37)  These two claims were permitted to proceed against

Defendants Warden f/n/u Holloway, Assistant Warden f/n/u Fitz, Captain f/n/u Middleton, I.R.C.

f/n/u Agnew, Officer f/n/u Jones, Jubliant Deberry, Sharon Rose, I.R.C. f/n/u Parker, Sergeant f/n/u

Bartlett, Commissioner f/n/u Fisher, and Derrick Schofield in their individual capacities. *Id*. All other claims and defendants were dismissed. *Id*. *See also* Memorandum (Docket Entry No. 36). Only Defendants Johnny Fitz, Jeffery Middleton, and Marcus Agnes have appeared in the action, recently filing motions for extensions of time to respond. *See* Docket Entry Nos. 49-51.

Venue for this case is governed by 28 U.S.C. § 1391(b), which provides, in part, that venue lies in the district in which any defendant resides or in which "a substantial part of the events or omissions giving rise to the claim occurred." Because Plaintiff's action, as originally filed, involved defendants and events implicating both the Middle and Western Districts of Tennessee, the action could properly have been filed in either district and was properly filed in the Middle District. However, Plaintiff's claims and the defendants have been significantly narrowed as a result of the Court's initial review of the action, and the interests of justice dictate that venue for this case is more proper in the Western District.

All of the events or omissions for the limited claims remaining in this action occurred at the WTSP, which is located in Lauderdale County and is within the Western District of Tennessee. See 28 U.S.C. § 123(c)(2). Further, Plaintiff and the bulk of the Defendants reside within the Western District. Thus, substantially all of the parties, potential witnesses, and evidence are located within the Western District. Should this matter proceed to trial or an evidentiary hearing, the parties and witnesses would be inconvenienced if venue remains in the Middle District and they are required to travel to the Middle District. The connection between this action and the Middle District is minimal.

All of the above noted factors weigh in favor of transferring the action to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). *See* Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

or division where it might have been brought." By this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 537 (6th Cir. 2002).

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be TRANSFERRED to the Western District of Tennessee, Western Division.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] Rulings on the parties' various pending motions (Docket Entry Nos. 35, 42-43, 45-47, and 49-52) should be reserved for consideration by the Western District of Tennessee.